```
              UNITED STATES DISTRICT COURT
                        FOR THE
                  DISTRICT OF VERMONT
```

Peter Scanlan,                    :
    Plaintiff,                 :
                                  :
   v.                             :   File No. 1:05-CV-291
                                  :
John E. Potter, Postmaster        :
General, United States            :
Postal Service,                   :
    Defendant.                 :

<u>ORDER</u>
(Paper 10)

      Plaintiff Peter Scanlan, proceeding *pro se*, brings this action claiming discrimination by his employer. Specifically, Scanlan claims that his complaints of an allegedly hostile work environment were ignored, while such complaints from women received remedial action.  Now pending before the Court is Scanlan's motion for leave to exceed the limit of ten depositions set forth at Fed. R. Civ. P. 30(a)(2)(A).  For the reasons set forth below, his motion is DENIED.

      Scanlan wants to depose 22 witnesses, and has moved the Court for "any extension over the 10 that I'm limited to."  In support of his motion, Scanlan states that "[t]here are issues that were raised in the investigation on the administrative side that are being covered with these witnesses," and that he believes all 22 depositions are necessary.  The government opposes the motion, arguing that Scanlan must show a need for extra depositions, that less costly discovery has not yet been attempted, and that 22 depositions would be unduly burdensome.

When a party requests leave to exceed the ten deposition limit, a court may only grant leave "to the extent consistent with the principles stated in Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(2) states that a court should consider whether

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). "In practical terms, a party seeking leave to take more depositions . . . must make a particularized showing of why the discovery is necessary." Archer Daniels Midland Co. v. Aon Risk Services, Inc., 187 F.R.D. 578, 586 (D. Minn. 1999) (citing cases). Parties are also often required to exhaust less expensive and burdensome means of discovery before resorting to a request for relief from Rule 30's restrictions. Whittingham v. Amherst Coll., 163 F.R.D. 170, 171 (D. Mass. 1995) (party must first exhaust available discovery before seeking leave of court for additional discovery).

Here, Scanlan has not provided the Court with a sufficient basis for enlarging Rule 30's limit of ten

depositions.  He states that 22 depositions are necessary, but does not explain why the depositions of 12 additional witnesses are needed to substantiate his claims.  Moreover, Scanlan may be able to obtain all of the information he needs through the discovery allowed him by the Federal Rules, thereby rendering additional depositions duplicative and unnecessary.  Without more information about the need for additional depositions, and without a showing that alternative means of discovery have been exhausted, the Court is unwilling to require the government to expend its resources defending those depositions.  Scanlan's motion (Paper 10) is, therefore, DENIED.

    Dated at Brattleboro, in the District of Vermont, this 4th day of May, 2006.

                                  /s/ J. Garvan Murtha
                                  J. Garvan Murtha
                                  United States District Judge