```
              UNITED STATES DISTRICT COURT
                       FOR THE
                  DISTRICT OF VERMONT
```

Peter Scanlan,                    :
        Plaintiff,                :
                                  :
    v.                            :        File No. 1:05-CV-291
                                  :
John E. Potter, Postmaster        :
General, United States            :
Postal Service,                   :
        Defendant.                :

<u>ORDER</u>
(Papers 26 and 29)

Plaintiff Peter Scanlan, proceeding *pro se*, brings this action claiming that he has suffered gender-based discrimination in the course of his employment with the United States Postal Service ("USPS").  Now pending before the Court are Scanlan's motion to compel discovery (Paper 26) and his motion to amend the complaint to add claims of gross negligence and vicarious liability (Paper 29).  For the reasons set forth below, the motion to compel is DENIED, and the motion to amend is GRANTED in part and DENIED in part.

<u>Factual Background</u>

Scanlan is a USPS employee at the White River Junction Processing and Distribution Center ("WRJ").  His complaint alleges that between May 11, 2003 and October 20, 2004, he was subjected to "disparate treatment, and hostile work environment and sexual discrimination all violating Title VII of the Civil Rights Act of 1964 and its amendments, and all the policies of the United States Postal Service."  (Paper 1

at 1).  Specifically, Scanlan claims that Plant Manager Scott

Beeman ignored his complaints about certain co-workers and

supervisors, while attending to similar complaints by women.

On June 19, 2006, Scanlan sent the government a Request

to Produce.  The request covered ten topics, identified by the

letters A through J.  The government produced responsive

documents and asserted various objections.  Scanlan was not

satisfied with the government's response, attempted to resolve

the outstanding issues amicably, and ultimately filed the

instant motion to compel (Paper 26).

Scanlan has also filed a motion to amend his complaint to

add claims of gross negligence and vicarious liability (Paper

29).  These claims arise out of the failure by "a contract EEO

officer" to properly investigate Scanlan's claims.  Scanlan

also alleges that "the defendant and the agency did not

exercise reasonable care to prevent and correct promptly any

harassing behavior regarding supervisors And [sic] it's [sic]

204 b's."  (Paper 29-2 at 3).

Discussion

I.  Motion to Compel

Scanlan moves to compel responses to eight of his ten

requests to produce.  The first two requests (Requests A and

B) seek information pertaining to internal investigations of

supervisors Joe Finn and Tom Weymouth for "being on vacation

and still in a pay status." (Paper 26-1 at 2). Finn and Weymouth are not named in the complaint. Plant Manager Scott Beeman was allegedly involved in conducting the investigations.

Scanlan claims that he is entitled to this information because Beeman may have stepped down from his job as a result of the investigation. He also states that a woman supervisor may have been involved. Consequently, Scanlan argues that he needs "to see from this case was [Beeman's] judgment lacking, did he treat women involved in this incident or incidents differently, was it his inactions as a plant manager such as I point out in my case lead to his stepping down." Id. at 3.

The Federal Rules of Civil Procedure limit discovery to "any matter, not privileged, that is relevant to the claim or defense of a party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Scanlan's Requests A and B fail the "reasonable calculated" test. His requests are for records of internal investigation that have no direct bearing on his current claims. The possibility that a woman may have been involved, or that Beeman may have stepped down from his

position as a result of the investigation, relies too heavily on speculation.[1]

Similarly, Scanlan's Request C for "all documentation of all investigations or inquiries" of supervisors by the Inspector General's office and the New Hampshire District office is barred as overly broad.  The complaint in this case claims discrimination and hostile work environment.  Scanlan's discovery should, therefore, focus on facts that pertain to these claims.  Granting him access to all "investigation or inquiries" of supervisors at his workplace is simply not warranted.

The next category of requests in dispute (Requests I and J) seeks documents relating to Ms. Vincent Eppler.  The first requests documents pertaining to Ms. Eppler's acceptance into the Associate Supervisor Program.  The second asks for "all documents in Ms. Vincent Eppler's personnel files and folder."

These requests are, again, overbroad and do not appear to be calculated to lead to the discovery of admissible evidence. Scanlan argues that Beeman may have placed Eppler in the Associate Supervisor Progam because of her gender.  However, there is no reference in the complaint to Ms. Eppler or to the

_____

[1]   In fact, the government has submitted an affidavit stating that Beeman's transfer was unrelated to any investigation.  (Paper 32, Beeman Aff. at ¶ 3).

4

Associate Supervisor Program.  Indeed, the complaint focuses on Beeman's responses to complaints of hostility in the workplace.

Given the limited scope of this case, Scanlan is not entitled to inquire into every WRJ personnel action wherein a woman may have received favorable treatment.  Moreover, given the questionable relevance of the requested information, Eppler's privacy interest outweighs Scanlan's alleged need to review her files.  See, e.g., Whittingham v. Amherst College, 164 F.R.D. 124, 127-28 (D. Mass. 1995) (denying the plaintiff's motion to compel partly on the basis that the plaintiff did not demonstrate that the relevancy of the information contained in the personnel files outweighed the privacy interests of the employees.)  The Court will, therefore, not compel further production in response to Requests I and J.

Scanlan next seeks the production of grievances brought against supervisor Jeff Mayo (Request D).  In response, the government has provided nearly thirty pages pertaining to a female employee's grievance against Mayo for discrimination. With respect to those grievances against Mayo that have not been produced, the government reports that they pertain to issues such as "union representation, phone calls, the need

5

for medical documentation . . . and other similar issues."
(Paper 31-1 at 17).

Scanlan challenges the government's production, arguing
that he, and not the government, should determine what is
relevant to his case.  Scanlan's argument is misplaced.  It is
generally the duty of counsel to determine which documents
need to be produced, and to set forth reasons why any
documents in dispute have been withheld.  While in some cases
a court might review the disputed documents *in camera*, such a
review is "rarely used to determine relevance," and is not
warranted where the opposing party has "provided no basis to
believe that [the government's] counsel ha[s] not honestly and
accurately performed the review function in this case."
Rozell v. Ross-Holst, 2006 WL 163143, at *4 (S.D.N.Y. Jan. 20,
2006) (citations and internal quotations omitted).  Here, the
government has reviewed the requested materials and has set
forth legitimate reasons why the withheld documents should not
be produced.  The Court will, therefore, not compel the
production of those documents at this time.

The parties' next dispute centers on Scanlan's request
for all complaints of "sexual harassment, hostile work
environment, disparate treatment, gross negligence, negligence
and all other matters" filed by three women at the WRJ
facility.  In his complaint, Scanlan alleges that complaints

by these women received immediate attention from Beeman and supervisory staff.  The government has produced documents it deems discoverable, and has set forth objections with respect to the remainder.

One of the government's objections is that some responsive documents pre-date Beeman's tenure at WRJ.  With respect to other supervisors, each of whom is named in the complaint, the government asserts that none of the women in question brought claims involving those supervisors.  Because Scanlan's claims appear to be aimed at Beeman and the named supervisors, the government's response is adequate.

The final request at issue pertains to complaints against Henry Buckwold.  Scanlan alleges that Buckwold ridiculed, embarrassed and otherwise interfered with him but was "all the while ignored by Mr. Beeman and supervisors."  It appears from the parties' submissions that Buckwold was Scanlan's co-worker, and not one of the supervisors who allegedly discriminated against him.

In response to this request, the government posed its usual objections, and stated that "there is no record of discipline for Henry Buckwold."  Scanlan contends that this response was incomplete.  Scanlan's request to produce included all "grievances, EEOC filings, written concerns, or [complaints] in any other form brought to the attention of the

USPS" against Buckwold.  To the extent that the government's
response included each of these categories, the response is
sufficient.  Furthermore, complaints against Buckwold by other
employees would have little bearing on Scanlan's claim that
Buckwold's conduct toward him was ignored by their
supervisors.  Accordingly, and for the reasons set forth above
with respect to Scanlan's other requests, the motion to compel
is DENIED.

II.  Motion to Amend

Also pending before the Court is Scanlan's motion to
amend his complaint (Paper 29).  The proposed amendment would
add claims of gross negligence and vicarious liability.  The
government has opposed the motion, arguing that the gross
negligence claim would be futile since "there is no waiver of
sovereign immunity for a tort claim in this matter . . . ."
(Paper 36-1 at 1).  The government also argues that there can
be no vicarious liability for harassment, since Scanlan's
evidence does not support a harassment claim.[2]

---

[2]   The government objects to the addition of a Title VII
harassment claim generally.  Scanlan's complaint, however,
clearly states that he is already bringing claims for
disparate treatment, hostile work environment and sexual
discrimination under Title VII.  As suggested below, the
question of whether Scanlan's evidence supports a Title VII
claim is an issue most appropriately raised in a dispositive
motion or at trial.

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  To determine whether leave should be given, the Court should consider whether: (1) the motion is being made after an inordinate delay without adequate explanation; (2) prejudice to the defendants would result; (3) granting the motion would cause further delay; and (4) the amendment would be futile.  See <u>Mountain Cable Co. v. Pub. Serv. Bd. of Vermont</u>, 242 F. Supp. 2d 400, 403 (D. Vt. 2003).

In order to bring a claim of gross negligence against a government agency, a plaintiff must first exhaust the procedure required under the Federal Tort Claims Act ("FTCA").  28 U.S.C. § 2765(a).  Specifically, the statute requires that the claim be presented to the "appropriate Federal agency" and have been "finally denied by the agency in writing."  <u>Id.</u> "The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court.  This requirement is jurisdictional and cannot be waived." <u>Celestine v. Mount Vernon Neighborhood Health Ctr.</u>, 403 F.3d 76, 82 (2d Cir. 2005).

Scanlan's claim is that the USPS was grossly negligent when it accepted the EEO officer's "one sided investigation" of his complaints.  (Paper 38-1 at 2).  "I did not include this as a tort in my original complaint because it happened

after I had filed the complaint.  I never knew I had to file

this as a separate tort complaint with the agency." Id.

Scanlan also argues that he exhausted his administrative

remedies through the EEOC. Id. at 4.

The process of exhausting EEOC remedies may, in some

cases, satisfy the notice requirement set forth in the FTCA.

See Wilds v. U.S. Postmaster General, 989 F. Supp. 178, 187

(D. Conn. 1997).  Here, however, there is no indication that

Scanlan put the government on notice that he planned to file a

tort claim.  Indeed, it appears from his own statement that

the timing of events would have made prior notice to the

government impossible.  Moreover, there is no evidence that

Scanlan identified the precise damages arising out of the

alleged tort as required under 28 U.S.C. § 2675.  "The

requirement that the claim state a specific dollar sum, like

other requirements imposed in § 2675, is jurisdictional and

cannot be waived." Adams by Adams v. United States Dep't of

Housing & Urban Dev., 807 F.2d 318, 321 (2d Cir. 1986).

Therefore, based upon the record before the Court, Scanlan did

not exhaust the FTCA procedure, and bringing a tort claim at

this time would be futile.

Scanlan also seeks to add a claim of vicarious liability.

Although the amended complaint does not identify the factual

basis for this claim, Scanlan's reply memorandum on the motion

10

to amend explains that his allegation pertains to "unlawful harassment by supervisors."  (Paper 38-1 at 2).  In opposition, the government argues that Scanlan's claim of a hostile work environment is unsupported by the evidence obtained in discovery.  (Paper 36-1 at 4-8).  Scanlan disputes the government's characterization of the facts.  (Paper 38-1 at 2-4).

The parties' dispute about material facts is best presented in a summary judgment motion or at trial.  For the present time, the Court need only consider whether, under the liberal rules of pleading, Scanlan is entitled to add a vicarious liability claim.  Because the facts that arguably underlie this claim have already been developed, a claim of vicarious liability is unlikely to require additional discovery.  Title VII claims were part of the original complaint, and the government will not suffer significant prejudice if Scanlan wishes to pursue a theory of vicarious liability on those claims.  Therefore, Scanlan's motion to amend to add a claim of vicarious liability is GRANTED.  His motion add a claim of gross negligence is DENIED.

### Conclusion

For the reasons set forth above, Scanlan's motion to compel discovery (Paper 26) is DENIED.  Scanlan's motion to amend the complaint (Paper 29) is GRANTED in part and DENIED

in part.  Specifically, Scanlan's motion to add a claim of vicarious liability is GRANTED, and his motion to add a claim of gross negligence is DENIED.

Dated at Brattleboro, in the District of Vermont, this 21st day of February, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge